RICHARD DOLAN, as Adm'r of the Estate of Anne Dolan, Deceased, Plaintiff-Appellee, v. FRANK GAWLICKI et al., Defendants-Appellants.

Third District   No. 3—94—0740

Opinion filed May 11, 1995.

John P. McTigue, James P. DeNardo, and Kristin L. Dvorsky, all of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellants.

Jerome E. Boyle, Raymond P. Schmitz, and Alvin W. Block, all of Alvin W. Block & Associates, of Chicago, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:
The plaintiff, Richard Dolan, obtained a judgment of approxi-

mately $1.2 million in a personal injury suit against the defendants, Frank Gawlicki and Gawlicki & Hussey, Inc. After paying $500,000 of the judgment amount, the defendants moved for a release and satisfaction of the judgment. The trial court denied that motion. We affirm.

The facts of the accident which killed Anne Dolan and the ensuing trial are set forth in our earlier opinion. (*Dolan v. Gawlicki* (1994), 256 Ill. App. 3d 153, 628 N.E.2d 1188.) It is sufficient to say that the plaintiff's wife was killed in an automobile accident with defendant Gawlicki. The plaintiff settled his claim against the defendants' primary insurance carrier for approximately the policy limits ($500,000) and in return for that sum, the plaintiff promised not to execute any judgment against the personal or business property belonging to the defendants. In the covenant not to execute, the plaintiff specifically reserved his right to collect insurance proceeds from the defendants' secondary carrier and two other insurance companies.

Subsequent to that settlement, a jury returned a verdict in favor of the plaintiff and set his damages at approximately $1.2 million. Following the jury verdict, the defendants' secondary insurer forwarded to the plaintiff the policy limits and interest accrued to that time, approximately $500,000. When the judgment in favor of the plaintiffs was reinstated on remand from this court, the defendants moved for a release and satisfaction of the judgment based on the payment of these insurance proceeds. The trial court denied the motion.

To "satisfy," according to Black's Law Dictionary, means "[t]o comply actually and fully *** to extinguish, by payment." (Black's Law Dictionary 1342 (6th ed. 1990).) "Satisfaction" is "[t]he discharge of an obligation by paying a party what is due to him ***, or what is awarded to him, by the judgment of a court." (Black's Law Dictionary 1342 (6th ed. 1990).) Issues of fact surrounding the satisfaction of judgments are best left to the discretion of the trial court, and the trial court's judgment should not be disturbed absent an abuse of that discretion. *Home State Bank/ National Association v. Potokar* (1993), 249 Ill. App. 3d 127, 617 N.E.2d 1302.

There is no dispute that the total judgment awarded the plaintiff is approximately $1.2 million. There is also no dispute that the defendants have paid only $500,000 of that judgment, leaving approximately $700,000 outstanding. Given this state of the facts, we must conclude that the trial court was correct. The defendants have not "complied fully" with the judgment, nor have they paid the plaintiff what was awarded to him by the judgment. Therefore, they are not entitled to a release and satisfaction of the judgment.

An additional concern is the effect of a release upon the other insurance companies whose policies may provide coverage to the defendants for the accident at issue here. The covenant not to execute reserves for the plaintiff the right to collect insurance proceeds from insurers other than the company currently representing the defendants. Releasing the defendants from their liability to the plaintiff would in effect release these other insurers as well. If the defendants have no obligation to the plaintiff, the insurers would have no obligation. Were we to grant the defendants a judgment of satisfaction prior to the exhaustion of these resources, we would be effectively foreclosing those paths of recovery and essentially rewriting the agreement made with the defendants' primary insurer. This we cannot do.

The defendants maintain that since the plaintiff has agreed not to execute the judgment against any personal or business property owned by them, the payment of the insurance policy limits entitles them to a release and satisfaction of the judgment. We find, however, that the existence of the covenant not to execute goes to the question of whether the judgment is enforceable, not to the question of whether the judgment has been satisfied.

Consequently, we hold that until such time as the defendants can show that the plaintiff has recovered the entire $1.2 million or that such recovery is impossible because of the operation of the covenant not to execute in conjunction with the exhaustion of all sources of insurance, the defendants are not entitled to a release and satisfaction of the judgment against them.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE and SLATER, JJ., concur.